UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICO RAYSHON RAINEY,  Petitioner,

v.  Civil Action No. 3:19-cv-P722-DJH

JEFFERSON COUNTY CORRECTION –
METRO COUNTY JAIL,  Respondent.

* * * * *

**MEMORANDUM OPINION**

Petitioner Rico Rayshon Rainey, an inmate at the Louisville Metro Department of Corrections (LMDC) who is proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus on a 28 U.S.C. § 2254 form (Docket No. 1). The petition is before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, if the petitioner is not entitled to relief, the petition must be summarily dismissed. For the reasons that follow, the Court will construe the habeas petition as being brought under 28 U.S.C. § 2241 and summarily dismiss the petition.

**I.**

In the petition, on the portion of the form asking for the date of conviction, Petitioner writes "Sept 4, 2018," but a few questions later in the form, he indicates that the case is "still on going." To his petition, he attaches the last page of a request for a search warrant, which was granted by a judge on September 4, 2018, the date he alleges he was convicted.

In the habeas form, Petitioner asserts that he "wasn't arrang in district court!"; that "Judge tellin me Im not qualify let my P.D do her job"; and that "[t]he lawyer & Judge Along with prosicuter Are not takeing this matter serious." He further alleges cruel and unusual

punishment and requests release because "I been Locked up 11 month, my Health is going bad, Im having Head Ach, Denied Tynol, Im paranoid, The prosecutor has me facing life, All under a violation!" Petitioner claims that his lawyer told the judge that "she been a poor Efficent Council to [] Rainey the Judge gave her another chance ground Raised, Another Lawyer would be nice." He further claims that he was swabbed and placed "under arrest, never had any Evidence, no physical Evidence only word of mouth" and that "[t]heir was not Any warrant to knock on my Private Resident Door." He alleges, "I have a pro Borno Lawyer who havent never come to visit me in Jail to go over my Decovery." Finally, Petitioner indicates that he seeks "release, or civil suite, lawyer, or any help that is givin."

## II.

Upon review of the petition, the Court concludes that Petitioner is challenging his pretrial detention. Section 2254 of title 28 of the United States Code applies only to applicants seeking to attack a state-court judgment pursuant to which they are in state custody. 28 U.S.C. § 2254(a). Pretrial detainees, however, may, in certain circumstances, seek habeas relief under 28 U.S.C. § 2241(c). *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973).

A petitioner may bring a § 2241 habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by

other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) special circumstances warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983) ("[T]he writ of habeas corpus is not a substitute for a regular route of appeal."); *see also Bronston v. Sabbatine*, No. 93-5648, 1993 WL 473792, at *1 (6th Cir. Nov. 16, 1993); *Moore v. Federspiel*, No. 2:09-CV-12673, 2009 WL 2170168, at *1-2 (E.D. Mich. July 20, 2009).

Because Petitioner is essentially requesting the Court's review of his pending state charges, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. Additionally, to the extent that Petitioner may want a speedy trial or other resolution of those charges, he must exhaust his claims in the state court. *Braden*, 410 U.S. at 489-90; *Atkins*, 644 F.2d at 546 ("[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes."). Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc).

In the instant case, it is evident that Petitioner did not exhaust his claims in state court. He can still present any constitutional claims during the course of his criminal trial, on direct appeal, or, if applicable, through a properly filed state collateral attack, and he can also file a petition for writ of mandamus in the appellate court asking that court to compel the trial court to

act. Petitioner, therefore, fails to meet his burden of demonstrating exhaustion of available state-court remedies. Moreover, the Court finds no unusual or exceptional circumstances which warrant the Court's involvement in the state court case without Petitioner first exhausting his state-court remedies.

For these reasons, this habeas action will be dismissed.[1]

### III.

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When, however, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

---

[1] To the extent Petitioner is challenging the conditions of his confinement at the LMDC, he must file a civil-rights action pursuant to 42 U.S.C. § 1983. Neither § 2254 nor 2241 provides relief for such claims.

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong.  Thus, a COA is not warranted.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        Respondent
4415.005